# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **WILLIAM E. BARNES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 6:08-CV-1708-VEH** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner,** ) | |
| **Social Security Administration** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff William E. Barnes ("Mr. Barnes") brings this action pursuant to 42 U.S.C. § 405(g). He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), who denied his application for Supplemental Security Income ("SSI") benefits. Mr. Barnes timely pursued and exhausted his administrative remedies available before the Commissioner. The case is ripe for review.[1]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Barnes was a 33-year-old male at the time of the supplemental hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 519, 527). Mr. Barnes

---

[1] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

contends that he is considered a "younger person" pursuant to 20 C.F.R. § 416.963(c). (doc. 10, p. 4). He also posits that he "has been unable to engage in substantial gainful activity since June 21, 2005, when he became unable to work due to status post crush injury to the left hip and leg, history of left ankle fracture, history of congenital heart defect, osteoarthritis, diabetes mellitus, hypertension, major depressive disorder, mental retardation, and personality disorder." (*Id.*) (citing Tr. 17).

Mr. Barnes initially alleged that his disability period began on June 12, 1986. (Tr. 15). The ALJ noted that "[t]he documentary evidence reveals that the claimant had a prior period of disability from June 1986 to January 2004. His benefits were terminated in February 2004, due to incarceration." (Tr. 15). His SSI claims were denied initially on August 17, 2005. (Tr. 15). Mr. Barnes timely filed a request for a hearing on September 6, 2005. (Tr. 39-40). A hearing was held by the ALJ on July 27, 2007. (doc. 10, p. 1) (citing Tr. 516-532). As amended at the hearing before the ALJ, Mr. Barnes claims disability beginning on June 21, 2005. (Tr. 15).

On October 2, 2007, the ALJ concluded Mr. Barnes was not disabled as defined by the Social Security Act and, consequently, denied his SSI application. (Tr. 25). Mr. Barnes subsequently filed a timely request for review with the Appeals Council (Tr. 4). The Appeals Counsel denied review, which resulted in the ALJ's

decision being the final decision of the Commissioner.  (Tr. 4-6).

On October 27, 2008, Mr. Barnes filed his complaint with this court asking for review of the ALJ's decision.  (doc. 1).  This court has carefully considered the record, and for the reasons stated below, remands the Commissioner's denial of benefits for further consideration.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the

Regulations promulgated thereunder.[2]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

   (1)   whether the claimant is currently employed;

   (2)   whether the claimant has a severe impairment;

   (3)   whether the claimant's impairment meets or equals an impairment listed by the Secretary;

   (4)   whether the claimant can perform her past work; and

---

[2]  The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through October 19, 2009.

> (5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found Mr. Barnes had not engaged in substantial gainful activity since the amended onset of his disability on June 21, 2005. (Tr. 17). Thus, the claimant satisfied step one of the five-step test. 20 C.F.R. § 404.1520(b).

Under step two, the ALJ concluded that "[t]he claimant has the following severe impairments: status post crush injury to the left hip and leg, history of left ankle fracture, history of congenital heart defect, osteoarthritis, diabetes mellitus,

hypertension, major depressive disorder, borderline intellectual functioning, and personality disorder . . . ." (Tr. 17 (citations omitted)). Accordingly, the ALJ concluded that Mr. Barnes satisfied the second step of the sequential disability evaluative process. 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that Mr. Barnes did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 38). Mr. Barnes disputes this finding on appeal.

At step four, the ALJ found that Mr. Barnes "has no past relevant work[.]" (Tr. 24) (citation omitted). As such, it was necessary for the ALJ to proceed to step five.

The ALJ evaluated Mr. Barnes's residual functional capacity ("RFC") at step five, and Mr. Barnes was found to have the "residual function capacity to perform sedentary work, but must be able to exercise a sit/stand option. His pain and mental impairment are reasonably expected to impose no greater than mild to moderate functional limitations upon his ability to engage in work activity." (Tr. 20). Relying upon testimony from the vocational expert, the ALJ concluded that Mr. Barnes could perform jobs "such as bench worker . . . wire worker . . . and hand weigher" and that a significant amount of these positions existed in the national economy. (Tr. 24-25). Accordingly, the ALJ concluded Mr. Barnes was not disabled as defined by the Social

Security Act at any time from June 21, 2005, through October 2, 2007 (*i.e.*, the date of the ALJ's decision), and denied his SSI claim. (Tr. 25).

**ANALYSIS**

As noted *supra*, the court must reverse the decision of the ALJ if correct legal standards were not applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

In this appeal, Mr. Barnes raises two discrete issues, one of which is the validity of the ALJ's conclusion at step three that Mr. Barnes did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (doc. 10, p.5). Specifically, Mr. Barnes argues that the ALJ committed an error of law by failing to properly consider the implications of Listing 12.05C. The court turns to that issue first, and agrees with Mr. Barnes that, under the circumstances of his case, the ALJ committed reversible error.[3]

As the Eleventh Circuit has noted,

> Listing 12.05C describes the criteria to qualify for benefits for mental retardation. It states:

---

[3] As a result, the court does not reach the merits of the other issues raised on appeal.

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied . . . . C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

*Hodges v. Barnhart*, 276 F.2d 1265, 1268 (11th Cir. 2001) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1205). On July 21, 2005, Dr. Jon G. Rogers examined Mr. Barnes at the request of the Commissioner and administered a Weschler Adult Intelligence Scale ("WAIS") IQ test. The WAIS test revealed that Mr. Barnes had a verbal IQ of 88, a performance IQ of 69, and a full scale IQ of 77. (Tr. 425).

Mr. Barnes contends that, with a performance IQ of 69, he met the first prong of Listing 12.05C. Mr. Barnes is correct on that point. "Where more than one IQ is customarily derived from the test administered, e.g. where verbal, performance, and full scale IQs are provided, in the Weschler series, we use the lowest of these in conjunction with 12.05." *Hodges*, 276 F.3d at 1268, n.1 (citation omitted). Furthermore, "there is a presumption that mental retardation is a condition that remains constant throughout life . . . [and] a claimant need not present evidence that [he] manifested deficits in adaptive functioning prior to the age twenty-two, when

[he] presented evidence of low IQ test results after the age of twenty-two." *Id.* at 1266.

The Commissioner argues that this court should not accept the performance IQ score of 69 because it is not "valid," as required by 12.05C. Mr. Barnes counters that the medical evidence of record establishes that the score is "valid" and that he has also satisfied the second prong of 12.05C: *i.e.*, that he suffers from "a physical or other mental impairment imposing an additional and significant work-related limitation of function." However, the issues of whether Mr. Barnes' WAIS scores were valid and, if so, whether Mr. Barnes met the second prong of 12.05C, were not addressed by the ALJ in the first instance. Moreover, the ALJ did not specifically opine about the possible implications of 12.05C to Mr. Barnes's case despite the fact that the ALJ made a finding the Mr. Barnes did not meet the requirements of 12.05. When concluding that Mr. Barnes did not meet the listing requirements of 12.05 generally, the ALJ only made written findings with regard to 12.05D. (Tr. 19-20). This court finds that the ALJ's failure to expressly consider 12.05C constitutes an omission of applicable law and an error at the third step. Consequently, this case will be remanded to the Commissioner for further proceedings. Specifically, the Commissioner shall consider whether Mr. Barnes meets the listing requirement of

12.05C and shall develop the evidentiary record as necessary to make such a determination.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision contains an error of law. Accordingly, the decision of the Commissioner will be reversed and remanded by separate order.

**DONE** and **ORDERED** this the 12th day of March, 2010.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge